Robert D. Phillips, Jr. (SBN 82639)
John N. Heffner (SBN 221557)
REED SMITH LLP
1999 Harrison Street, Suite 2400
Oakland, CA 94612-3572

**Mailing Address:**
P.O. Box 2084
Oakland, CA 94604-2084

Telephone: 510.763.2000
Facsimile: 510.273.8832

Attorneys for Defendant
Anheuser-Busch, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. OSBORNE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ANHEUSER-BUSCH, INCORPORATED, and DOES 1-50, Inclusive,<br><br>　　　　Defendants. | No.: 2:06-cv-00874-FCD-GGH<br><br>**STIPULATION AND PROTECTIVE ORDER** |

### PROTECTIVE ORDER

Plaintiff Michael J. Osborne ("Plaintiff") and Defendant Anheuser-Busch, Inc. ("Defendant"), by and through their respective counsel of record, hereby stipulate that good cause exists for discovery in the above-entitled action (the "Action") to be conducted under a Protective Order. Accordingly, the parties stipulate to the following Protective Order:

1.  This Protective Order governs the production and handling of confidential information contained in or derived from Documents or testimony ("Discovery Material") disclosed by either Plaintiff or Defendant ("Disclosing Party") during this Action. The word "Document" is defined as letters, words, numbers, pictures, sounds or symbols set down by handwriting,

1  typewriting, printing, photostatting, photographing, magnetic impulse, mechanical or electronic
2  recording, or any other form of data compilation.

3

4      2.    A Disclosing Party may designate as "CONFIDENTIAL" any Discovery Material
5  that the Disclosing Party reasonably believes contains or discloses a trade secret or other confidential
6  research, development or commercial information, including but not limited to sensitive financial
7  data, technical information, proprietary or nonpublic commercial information, information involving
8  privacy interests, and other commercially and/or competitively sensitive information of a nonpublic
9  nature, or received on a confidential basis. Discovery Material may be so designated by stamping
10 "CONFIDENTIAL" on each page of each Document or by using such other procedures upon which
11 the parties agree.

12

13     3.    Discovery Material and information Plaintiff or Anheuser-Busch, Inc. designates as
14 CONFIDENTIAL shall be revealed only to the following persons:

15

16     a.    Counsel of record for Plaintiff and Anheuser-Busch, Inc. and employees of
17 such counsel, including secretaries, and legal assistants;

18

19     b.    The parties to the Action and any employees or officers of a party and former
20 employees or officers of a party;

21

22     c.    Experts or consultants retained to assist counsel of record for Plaintiff or
23 Anheuser-Busch, Inc. in the Action provided:

24

25     (1)    each expert or consultant has read this Stipulated Protective Order in
26 advance of disclosure and has agreed in writing to be bound by its terms by executing an affidavit in
27 the form of Exhibit A, a copy of which counsel for the party who retained the expert or consultant
28 will keep and produce to the Disclosing Party at such party's request, and;

(2)     each such expert or consultant is not currently working as a salaried or hourly employee of a direct competitor of Anheuser-Busch, Inc. in the beverage industry (including, but not limited to, Miller Brewing Company, Molson Coors Brewing Company, Asahi, Scottish & Newcastle, Heineken N.V., and InBev; additionally, Defendant agrees to provide Plaintiff with further guidance regarding Anheuser-Busch, Inc.'s direct competitors upon written request), unless Plaintiffs have applied for and received authorization from this Court, via noticed motion, to retain such expert or consultant;

d.     The Court or any other court having jurisdiction over discovery procedures in the Action provided the party seeking review by a court follows the procedures in Paragraph 15;

e.     Any court reporter or typist recording or transcribing testimony in the Action;

f.     Any employee of an outside independent reproduction firm who has read this Stipulated Protective Order and has agreed in writing to be bound by its terms by executing an affidavit in the form of Exhibit A; and

g.     Any person whose deposition is taken by any party to this stipulated protective order, so long as such disclosure is made during the course of the deposition and the deponent signs an affidavit in the form of Exhibit A.

h.     A jury empanelled in the Action.

4.     CONFIDENTIAL Discovery Material shall be maintained in confidence by the party or parties to whom it is produced and shall not be disclosed by such party except to persons entitled to access pursuant to Paragraph 3.

5. Nothing contained in this Order shall restrict use or disclosure of Discovery Material designated CONFIDENTIAL by the Disclosing Party.

6. All oral deposition testimony from a witness currently or formerly employed by Anheuser-Busch, Inc. or retained by Anheuser-Busch, Inc. or Anheuser-Busch, Inc.'s counsel, regardless of whether designated as CONFIDENTIAL on the record, shall be treated as CONFIDENTIAL and subject to this Protective Order for five (5) court days after counsel of record for Plaintiffs and Anheuser-Busch, Inc. receive the transcript of the deposition, whether that transcript is an expedited or "rough" draft or the certified transcript.

7. Any party may, on the record at a deposition or by written notice to counsel for all parties no later than five (5) court days after receipt of the deposition transcript, designate portions of oral testimony, or the testimony in its entirety, as CONFIDENTIAL. A separately bound transcript of those portions of the testimony that contain CONFIDENTIAL Discovery Material shall be made.

8. When CONFIDENTIAL Discovery Material is offered as an exhibit or quoted or referenced in any deposition, hearing, trial or other proceeding, only persons entitled to such information pursuant to Paragraph 3 may be present during such an offer, quotation or reference.

9. When CONFIDENTIAL information is introduced as an exhibit or through testimony in any deposition, hearing, trial or other proceeding, counsel introducing such information shall advise the court reporter that the testimony or exhibits are CONFIDENTIAL pursuant to this Stipulated Protective Order if the information is already clearly designated "CONFIDENTIAL." If the CONFIDENTIAL information is not so designated, then the Disclosing Party shall so advise the court reporter. The court reporter shall separately bind the transcript of the testimony or the exhibit and mark the cover of the bound transcript or exhibit with the applicable CONFIDENTIAL designation.

10.     For purposes of disclosing Documents for inspection, the Disclosing Party may refrain from designating specific Documents CONFIDENTIAL until after the inspecting party or parties have selected specific Documents and/or materials for copying. In this event, the Disclosing Party shall announce in writing prior to producing the Documents or material for inspection that all such Documents and material should be considered CONFIDENTIAL for the purposes of the inspection. After the inspecting party selects specified Documents and material for copying but before the production of such copies, the Disclosing Party shall designate any CONFIDENTIAL Discovery Material.

11.     All written discovery requests and responses that contain CONFIDENTIAL Discovery Material shall be so designated.

12.     Information designated as CONFIDENTIAL shall be used only in these proceedings for the preparation for trial, for trial, or for any appeal and shall not be used in any other proceeding.

13.     The recipient of any CONFIDENTIAL Discovery Material disclosed pursuant to this Stipulated Protective Order shall maintain the Discovery Material in a secure area and shall exercise due and proper care to protect its confidentiality.

14.     Pursuant to Local Rule 79-5(d), if a party wishes to file any CONFIDENTIAL Discovery Material, or if any party wishes to refer in a memorandum or other filing to CONFIDENTIAL Discovery Material, the submitting party must file and serve an ~~Administrative~~ GGH Motion for a sealing order and lodge the document, memorandum or other filing in accordance with this rule. If only a portion of the CONFIDENTIAL Discovery Material, memorandum or other filing is sealable, the submitting party must also lodge with the Court a redacted version of the CONFIDENTIAL Discovery Material, memorandum or other filing to be placed in the public record if the Court approves the requested sealing order. Within five (5) court days thereafter, the Disclosing Party must file with the Court and serve a declaration establishing that the

1  CONFIDENTIAL Discovery Material is sealable, and must lodge and serve a narrowly tailored
2  proposed sealing order, or must withdraw the designation of confidentiality. If the Disclosing Party
3  does not file its responsive declaration as required by this subsection, the CONFIDENTIAL
4  Discovery Material or proposed filing will be made part of the public record.

6  15.  Counsel of record for Plaintiff or Anheuser-Busch, Inc. may at any time request from
7  the Disclosing Party in writing, the release of CONFIDENTIAL Discovery Material from the
8  requirements of the terms and provisions of this Stipulated Protective Order. Upon making such a
9  request, the party requesting the exemption shall initiate a "meet and confer" by sending a facsimile
10 correspondence to opposing counsel identifying the disputed Documents and designations. If within
11 seven (7) days of the date of initiation of the "meet and confer" (i.e. the date the initiating party sent
12 a facsimile to opposing counsel) the parties are unable to agree as to whether the Discovery Material
13 at issue is properly designated CONFIDENTIAL, the Disclosing Party shall, within fourteen days
14 (14) of the termination of the meet and confer period, file a motion for an order protecting the
15 CONFIDENTIAL designation. Further, the Disclosing Party shall set a hearing on that motion for
16 the earliest date possible under the notice requirements of the Code of Civil Procedure and available
17 to the Court. Pending a ruling from the Court, the Disclosing Party's designation shall control. If
18 the Disclosing Party fails to file a motion for an order protecting the CONFIDENTIAL designation
19 within the time set forth above, then the CONFIDENTIAL designation shall be deemed waived.

21 16.  Nothing in this Stipulated Protective Order shall preclude Plaintiffs or Anheuser-
22 Busch, Inc. from responding to a validly issued subpoena that seeks disclosure of CONFIDENTIAL
23 information, unless ~~the issuing person is not entitled to access under Paragraph 3~~. The party
24 responding to the subpoena must provide written notice of such a subpoena to the Disclosing Party at
25 least five (5) court days before responding to the subpoena. ~~The party issuing the subpoena must~~
26 ~~sign an affidavit in the form of Exhibit A before any CONFIDENTIAL Discovery Material can be~~
27 ~~disclosed.~~ If the party issuing the subpoena is not entitled to access under Paragraph 3 then the
28 Disclosing Party ~~shall~~ may move ~~this~~ the Court with jurisdiction over the subpoena for enforcement of ~~this Stipulated~~ Protective Order.

– 6 –

Stipulation and [Proposed] Protective Order

1  17.  Nothing in this Order, nor any failure by a party to challenge the designation of
2  Discovery Material as CONFIDENTIAL, shall be construed as an admission concerning the
3  confidential or proprietary nature of the Discovery Material, the relevance for discovery purposes of
4  the Discovery Material, or the admissibility of the Discovery Material.

5  *Except for information filed in the Court record,*

6  18.  Upon final conclusion of the Action, including all appeals, all CONFIDENTIAL
7  Discovery Material and all copies shall, at the discretion of the Disclosing Party, either be returned
8  to the Disclosing Party or its counsel, or destroyed. If the CONFIDENTIAL Discovery Material is
9  destroyed, counsel for the receiving party shall certify that the CONFIDENTIAL Discovery Material
10 has been destroyed.

12  19.  A party's inadvertent or unintentional disclosure of CONFIDENTIAL Discovery
13  Material without that designation shall not be deemed a waiver in whole or in part of its claim of
14  confidentiality, either as to the specific Discovery Material or as to any other related Discovery
15  Material. Any such inadvertently or unintentionally disclosed Discovery Material shall be
16  designated as CONFIDENTIAL as soon as reasonably possible after the Disclosing Party becomes
17  aware of the disclosure and shall be treated as CONFIDENTIAL by all to whom it has been
18  disclosed in the Action.

20  20.  Nothing in this Protective Order shall be construed as a limitation on the use of
21  admissible evidence at trial, subject to such confidentiality provisions as may be ordered by the
22  Court. Furthermore, Plaintiffs, and Anheuser-Busch, Inc. shall have the right to request that any
23  hearing or portions of any hearing be conducted in camera.

25  21.  In rendering services or otherwise communicating with his or her client, counsel shall
26  not disclose the specific content of any CONFIDENTIAL material, Documents or information where
27  such disclosure would not otherwise be permitted under the terms of this Order. Nothing shall bar or
28  otherwise restrict counsel from rendering advice to his or her client with respect to the Action, and in

1  the course of any such Action, from relying upon CONFIDENTIAL Discovery Material or
2  information.

3

4      22.    The obligations of this Stipulated Protective Order shall survive the termination of
5  this Action and shall continue to restrict the disclosure and use of Discovery Material designated
6  CONFIDENTIAL by the parties, their counsel, and all who signed an Affidavit in the form of
7  Exhibit A. Following termination of this Action, the Court will retain jurisdiction *for one year* to enforce the
8  terms of this Stipulated Protective Order.

9

10     23.    The parties reserve the right to move the Court for additional restrictions on
11 Discovery Material that the Disclosing Party believes contains or discloses a trade secret or other
12 confidential research, development or commercial information, including but not limited to sensitive
13 financial data, technical information, proprietary or nonpublic commercial information, information
14 involving privacy interests, and other commercially and/or competitively sensitive information of a
15 nonpublic nature, or received on a confidential basis, which is of such a nature that disclosure to
16 persons other than those specified in Paragraph 4 might reasonably be expected to result in injury to
17 the Disclosing Party.

18

19 IT IS SO STIPULATED.

20

21 DATED: October 31, 2006.
22                                         THE VEEN FIRM, P.C.

23                                         By   */s/ Judith Graziano*
24                                               Judith Graziano
                                                 Attorneys for Plaintiff Michael J. Osborne

25 DATED: November 1, 2006.
26                                         REED SMITH LLP

27                                         By   */s/ John N. Heffner*
28                                               John N. Heffner
                                                 Attorneys for Defendant Anheuser-Busch, Inc.

1 | IT IS SO ORDERED. *

3 | DATED: \_\_\_Dec, 4\_\_\_, 2006

GREGORY G. HOLLOWS

GREGORY G. HOLLOWS
United States ~~District~~ Judge
Mag.

* As modified.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MICHAEL J. OSBORNE, | No.: 2:06-cv-00874-FCD-GGH |
|---|---|
| Plaintiff, | **AGREEMENT TO MAINTAIN CONFIDENTIALITY** |
| vs. | |
| ANHEUSER-BUSCH, INCORPORATED, and DOES 1-50, Inclusive, | |
| Defendants. | |

1. I acknowledge that I am about to receive information that has been designated as confidential pursuant to a Protective Order entered in this case.

2. I have read the Protective Order governing the restricted use of confidential information in this litigation, a copy of which order has been provided to me. I understand the Protective Order and agree to abide by it.

3. I will not utilize any stamped confidential document or other information subject to the Protective Order for any purpose other than this litigation. I further affirm that I will not reveal the confidential information to, nor discuss it with, anyone, except in accordance with the terms of the Protective Order.

4.       I understand unauthorized disclosures of stamped confidential documents or their substance constitute contempt of court.

5.       At the termination of this litigation, I will return all documents marked "Confidential," or "For Counsel Only," or "Attorneys' Eyes Only," as well as any copies, summaries or abstracts of them, and documents related to them, whether in hard copy, electronic, or digitized format, to the attorney providing confidential materials to me.

6.       I submit to the jurisdiction of the United States District Court for the Eastern District of California, as necessary to enforce the provisions of the Protective Order.

Dated:_____

_____
Signature

_____
Printed Name

_____
Address

_____
City, State, Zip

_____
Telephone Number