UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MICHAEL J. OSBORNE,

        Plaintiff,

   v.

ANHEUSER-BUSCH, INC.,

        Defendant.

NO. CIV. S-06-874 FCD GGH

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on plaintiff Michael J. Osborne's ("plaintiff") motion to modify the pretrial scheduling order[1] to permit the filing of a first amended complaint, adding two newly discovered parties, Sasco Electric, Inc. ("Sasco") and Performance Mechanical, Inc. ("Performance"), as defendants.[2] Fed. R. Civ. P. 16(b). Defendant Anheuser-Busch ("defendant") does not oppose the motion, provided the court is amendable to

---

[1] See Am. Status (Pretrial Scheduling) Order, filed August 1, 2006.

[2] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. See E.D. Cal. L.R. 78-230(h).

1

extending the period for discovery and disclosure of expert witnesses. (Non-Opp'n, filed Mar. 23, 2007.)[3]

Pursuant to Federal Rule of Civil Procedure 16(b), a pretrial order "shall not be modified except upon a showing of good cause." The court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16, advisory committee's notes (1983 amendment)). The "good cause" standard primarily focuses upon the diligence of the party requesting the amendment. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id.

Here, good cause exists to grant the instant motion as plaintiff has diligently moved for leave to amend upon discovery of facts suggesting Sasco's and Performance's involvement in the subject incident giving rise to this action. (See generally Graziano Decl., filed Mar. 12, 2007.) In this personal injury case, plaintiff seeks recovery for injuries he sustained at defendant's Fairfield, California brewery when several cases of beer fell from a conveyer line, striking plaintiff as he worked near the conveyer belt. Sasco and Performance were allegedly

---

[3] Presently, discovery closes May 1, 2007; expert disclosures are due May 15, 2007; rebuttal expert disclosures are due June 4, 2007; expert discovery closes July 2, 2007; the dispositive motion deadline is September 7, 2007; the final pretrial conference is set for November 9, 2007; and trial is set for February 5, 2008. (Am. Status [Pretrial Scheduling] Order, filed Aug. 1, 2006.)

involved in the installation and/or servicing of the subject conveyer belt. Judicial economy is best served by joinder of all potentially relevant parties to this incident.

As the parties agree, the addition of the new defendants requires extension of the discovery period. That extension, in turn, necessitates extension of all other pretrial and trial dates in order to maintain the court's desired intervals between pretrial events and ultimately trial and considering the court's trial schedule generally. As such, the court hereby modifies the pretrial scheduling order of August 1, 2006, setting the relevant dates as follows:

| | |
|---|---|
| Discovery Closes: | January 7, 2008 |
| Expert Disclosures due: | January 22, 2008 |
| Rebuttal Expert Disclosures due: | February 11, 2008 |
| Expert Discovery Closes: | March 10, 2008 |
| Dispositive Motion Deadline: | May 23, 2008 |
| Final Pretrial Conference: | July 25, 2008 at 1:30 p.m. |
| Trial: | September 30, 2008 at 9:00 a.m. |

Plaintiff shall file and serve its first amended complaint within 30 days of the date of this order. Defendants' response thereto is due within 20 days of service of the complaint.

IT IS SO ORDERED.

DATED: April 4, 2007

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE